**TING BIN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77370.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 24, 2007.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jay Ho Lee, Esq., Jay Ho Lee Law Offices LLC, New York, NY, for Petitioner.

Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Siu P. Wong, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Ting Bin Lin, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. The IJ made an adverse credibility finding against Lin, which we review for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We dismiss the petition for review in part, grant it in part, and remand for further proceedings.

■ We lack jurisdiction to consider Lin's due process contention, as he did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

■ Substantial evidence does not support the agency's conclusion that Lin's inconsistent representations about whether he was arrested justify an adverse credibility determination. We have held that "[a]n adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency." *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004). In this case, Lin provided an explanation for his answers on the asylum application, but his explanation was not addressed by the IJ. We note

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

also that the BIA may have overlooked Lin's answers to the first question on his asylum application in concluding that he indicated "that neither he nor his family members were ever ... mistreated in China." We therefore remand for further proceedings.

■ We do not have the authority to order that Lin be released from detention. *See* 8 U.S.C. § 1226(e).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.